## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **Marlon Smith**<br>668 Euclid Ave., Apt. 539<br>Cleveland, OH 44114<br><br>    **Plaintiff,**<br><br>v.<br><br>**Great Lakes Financing**<br>c/o Incorporating Services, Ltd.<br>3958-D Brown Park Dr.<br>Hilliard, OH 43026<br><br>**and**<br><br>**Seku N. Shabazz**<br>c/o Great Lakes Financing<br>1300 E. 9th St., Ste. 1200<br>Cleveland, OH 44114<br><br>    **Defendants.** | Case No.<br><br>Judge<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Jury Demand Endorsed Herein)** |

## INTRODUCTION

1. This Complaint alleges that Defendants did not pay Plaintiff for all hours worked, including overtime compensation for the hours worked in excess of 40 per workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, R.C. § 4111.01, *et seq.*, Article II § 34(a) of the Ohio Constitution ("OMFWSA"), and R.C. § 4113.15.

**JURISDICTION AND VENUE**

2. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq*.

3. Venue is proper under 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

4. At all material times, Plaintiff was a resident of Cuyahoga County, Ohio.

5. At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

6. At all material times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

7. At all material times, Defendant Great Lakes Financing was a domestic corporation for profit.

8. At all material times, Defendants were employers within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At all material times, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

10. At all material times, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all material times, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations,

common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

## FACTUAL ALLEGATIONS

12. Defendants own and operate a real estate financing company in Cleveland, Cuyahoga County, Ohio.

13. From approximately October 2021 through June 2022, Plaintiff was employed with Defendants as a financial consultant.

14. During his employment, Defendants frequently required Plaintiff to work 45 hours per workweek, misclassified him as an exempt employee, and did not compensate him for the overtime hours he worked as mandated by federal and Ohio wage and hour laws.

15. In addition, Defendants did not compensate Plaintiff for any of the work he performed since December 21, 2021.

16. Plaintiff worked approximately 45 hours per workweek between December 21, 2021 and June 2022.

### (Misclassification as Exempt)

17. While employed by Defendants, Plaintiff was misclassified as exempt from the overtime provisions of the FLSA and the OMFWSA, and was compensated on a salary basis.

18. Upon information and belief, Defendants misclassified Plaintiff as exempt pursuant to the executive and/or administrative exemption(s).

19. None of the bona fide exemptions applied to Plaintiff's work.

20. From October 2021 through June 2022, Plaintiff's primary duties were not the management of an enterprise or customarily recognized department or subdivision of an enterprise, Plaintiff did not customarily and regularly direct the work of two or more full-time employees, and Plaintiff did not have authority over staffing.

21. From October 2021 through June 2022, Plaintiff's primary duties did not require discretion or independent judgment with respect to matters of significance.

22. The work that Plaintiff performed as part of his primary duties included reviewing loan applications and supporting documents.

**(Failure to Pay Overtime Compensation)**

23. Throughout his employment, Defendants required Plaintiff to work 45 hours each workweek but not did compensate him at a rate of one and one-half times the regular rate of pay for the hours Plaintiff worked in excess of 40 per workweek. Defendants suffered and permitted Plaintiff to work all such unpaid overtime hours.

**(Failure to Pay Minimum Wages)**

24. Defendants did not compensate Plaintiff for any of the work he performed since December 21, 2021.

25. Plaintiff worked approximately 45 hours per workweek between December 21, 2021 and June 2022.

**(Failure to Promptly Pay)**

26. More than 30 days have passed since Plaintiff's regularly scheduled paydays for the work he performed for Defendants between December 21, 2021 and June 2022.

**(Failure to Keep Accurate Records)**

27. Upon information and belief, Defendants failed to make, keep, and preserve records of the unpaid work performed by Plaintiff.

**(Defendant Willfully Violated the FLSA)**

28. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA and OMFWSA.

## COUNT I
### (FLSA Violations)

29. Plaintiff incorporates by reference the foregoing allegations.

30. Defendants' practice and policy of failing to pay Plaintiff overtime compensation at the rate of one and one-half the regular rate of pay for all of the hours worked over 40 each workweek violated the FLSA, 29 U.S.C. § 201, *et seq.*

31. In addition, Defendants' practice and policy of not paying Plaintiff for all hours worked violated the FLSA.

32. Defendants' failure to keep accurate records of the hours Plaintiff worked each workday and workweek violated the FLSA, 29 C.F.R. § 516.2(a)(7).

33. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

34. As a result of Defendants' practices and policies, Plaintiff has been damaged in that he had not received wages due to her pursuant to the FLSA.

## COUNT II
### (OMFWSA Violations)

35. Plaintiff incorporates by reference the foregoing allegations.

36. Defendants' practice and policy of not paying Plaintiff overtime compensation at the rate of one and one-half times the regular rate of pay for the hours worked over 40 each workweek violated the OMFWSA, R.C. §§ 4111.03 and 4111.10.

37. In addition, Defendants' practice and policy of not paying Plaintiff for all hours worked violated the OMFWSA, R.C. § 4111.14.

38. Defendants' failure to keep accurate records of the hours Plaintiff worked each workday and workweek violated the OMFWSA, R.C. §§ 4111.03 and 4111.08.

39. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

40. As a result of Defendants' practices and policies, Plaintiff has been damaged in that he has not received wages due pursuant to the OMFWSA.

### COUNT III
### (Ohio's Prompt Payment Act, R.C. § 4113.15; Failure to Render Pay by Regular Payday)

41. Plaintiff incorporates by reference the foregoing allegations.

42. During all relevant times, Defendants have failed and continue to fail to make wage payments to Plaintiff, as outlined above, within thirty days of when such payments were due, as required by R.C. § 4113.15.

43. By failing to make these wage payments within thirty days of when such payments were due, Defendants have violated R.C. § 4113.15.

44. As a result of Defendants' violations of R.C. § 4113.15, Plaintiff ais entitled to certain relief, including back wages and liquidated damages for each violation for each class member for each pay period.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court find Defendants liable and:

A. Award Plaintiff actual damages for unpaid wages;

B. Award Plaintiff liquidated damages equal in amount to the unpaid wages found due under the FLSA;

C. Award liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due under the OMFWSA;

D. Award liquidated damages for each untimely paycheck, calculated pursuant to R.C. § 4113.15;

E. Award Plaintiff pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff attorneys' fees, costs, and disbursements; and

G. Grant Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Alanna Klein Fischer
Alanna Klein Fischer (0090986)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
alanna@lazzarolawfirm.com
anthony@lazzarolawfirm.com

Plaintiff's Attorneys

**JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Alanna Klein Fischer
Alanna Klein Fischer (0090986)

One of Plaintiff's Attorneys